UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARISSA FERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-00126-JHE |
| ) | |
| MIDLAND FUNDING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER[1]

Plaintiff Charissa Ferrell initiated this action against Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland" or "Defendants"). (Doc. 1). Ferrell asserts seven claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") as well as various state law claims. (*Id.*). Defendants move to dismiss three of Ferrell's FDCPA claims and her state law claim for invasion of privacy pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. (Doc. 8). The motion is fully briefed and ripe for review. (Docs. 8, 11, & 14). For the reasons stated below, the motion, (doc. 8), is **GRANTED IN PART AND DENIED IN PART**.

### I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.

678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing Bell Atl. Corp., 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Factual Background[2]

Ferrell's claims are based on a state court lawsuit Midland filed against her to collect a debt she did not owe and for false credit reporting related to that debt.  According to the complaint, Midland engages in a practice of purchasing debt for pennies on the dollar and

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In other words, the "facts" are taken directly from the complaint.

initiating collection lawsuits on those debts. (Doc. 1 at ¶¶18-44). The purchase agreement between the original creditor and the first debt buyer states there is no promise or representation as to the accuracy of the information sold. (*Id.* at ¶ 21). Therefore, it can be inferred that Midland initiates many of these lawsuits not knowing if it actually owns the debt it is attempting to collect.[3]

Specifically, Ferrell alleges Midland asserted it was the owner of a debt she allegedly owed and sought to collect $3,471.20 plus court costs, but Midland did not own the debt. (*Id.* at ¶¶ 49-51, 66). She further asserts Midland knew she had never done business with Midland and did not owe the debt in question, and there was no mention in the lawsuit that the entity who sold the debt to Midland disclaimed the accuracy of the records. (*Id.* at ¶¶ 52-53 61). Ferrell also alleges Midland never intended to offer any evidence to prove its case, but the case, like the others, was filed to obtain a settlement from a consumer (who is usually *pro se*) or a default judgment on a debt Midland could not prove it has any right to collect on. (*Id.* at ¶ 56-60).

Ferrell further alleges Midland made numerous misrepresentations and false statements during the lawsuit. Specifically, Ferrell contends Midland misrepresented that a debt was owed, that it had standing to bring the lawsuit, and that it intended to offer evidence to prove its case. (*Id.* at ¶¶62, 65-66, 68-69). Ferrell contends Midland brought the case as part of a strategy and policy of "scattershot litigation" designed to sue consumers who owe no debt to Midland in order to coerce or deceive the consumer into paying a debt not owed or to receive a judgment against the consumer. (*Id.* at ¶ 70). Additionally, Ferrell alleges Midland knew or should have known the statute of limitations had run before it filed suit against Ferrell. (*Id.* at ¶ 55).

The case was set for trial on December 11, 2014. (Doc. 1 at ¶80). Midland understood

---

[3] It is unclear from the complaint whether Midland is the "first debt buyer" or a subsequent purchaser of the debt.

that Ferrell disputed the debt, but made the conscious choice to continue with the lawsuit even though it knew the case was meritless. (*Id.* at ¶¶ 76, 79). At all times Ferrell was prepared for trial and Midland was not. (*Id.* at ¶¶ 81-82). Prior to trial Midland provided its counsel no proof it owned the debt, no proof Ferrell owed the debt, and no evidence or witnesses. (*Id.* at ¶¶ 84-86). At trial, Midland offered no evidence or witness testimony. (*Id.* at ¶¶ 87-96). Instead, Midland told the court to enter judgment in Ferrell's favor. (*Id.* at ¶ 97). The judge entered judgment in Ferrell's favor, closing the case. (*Id.* at ¶¶ 98-99).

Ferrell also alleges Midland falsely reported credit information before, during, and after the lawsuit regarding this debt. (Doc. 1 at ¶ 100). Midland knew Ferrell owed no money on this debt, but reported the information so Ferrell would pay the debt. (*Id.* at ¶¶ 101-104).

Ferrell further alleges Midland knew the natural, desired consequence of its actions would be that Ferrell would be harassed, oppressed, and abused by its actions, including the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Ferrell or owned by Midland, by false credit reporting, by factual misrepresentations in the lawsuit, and by threatening to take Ferrell's property and wages. (Doc. 1 at ¶ 113).

### III. Analysis

#### A. Count 1: 15 U.S.C. § 1692d

Section 1692d prohibits "[a] debt collector [from] engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In support of this claim, Ferrell alleges she was "harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant Midland did not own the debt, by false credit reporting, by misrepresenting numerous facts in the lawsuit, by threatening to take

Plaintiff's property and wages, and by all other wrongful acts described in this Complaint." (Doc. 1 at ¶ 113). Midland argues that any inconvenience resulting from these actions was nothing more than the natural consequence of debt collection, therefore, these are not the type of abusive tactics § 1692d prohibits. (Doc. 8 at 2).

> When it passed the FDCPA, Congress had in mind such abusive practices as:
>
> obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretenses, impersonating public officials and attorneys, and simulating legal process.

S. Rep. No. 95-382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S. Code Cong. & Amin. News 1695, 1696. Thus, the question is whether Ferrell has alleged conduct which would naturally tend to harass, oppress, or abuse (as opposed to conduct that is the natural consequence of debt collection), viewed from the perspective of a consumer whose circumstances make him more susceptible to harassment, oppression, or abuse. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

As a general rule, the filing of a lawsuit is not the kind of conduct Congress intended §1692d to cover. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006); *see also Jeter*, 760 F.2d at 1179. The Eleventh Circuit has explained that although "a lawsuit might cause a consumer 'embarrassment, inconvenience, and further expense' . . . [s]uch consequence of a debt collection (or any other lawsuit) are so commonplace that even a consumer susceptible to harassment, oppression, or abuse would not have been harassed, oppressed, or abused by the statement *in and of itself*." *Jeter*, 760 F.2d at 1179. The Eleventh Circuit then held that collection letters, including one threatening litigation, was not actionable under §1692d. *Id.* at 1179-80. More recently, the Sixth Circuit specifically held the filing of a debt collection lawsuit

5

without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. *Harvey*, 453 F.3d at 330-31.

Ferrell's allegations go beyond the mere filing of a lawsuit and beyond the allegations found in *Jeter*, *Harvey*, and others cases Midland cites. *See Dial v. Midland Funding, LLC, et al.*, Case No. 2:14-cv-00663-WMA, doc. 30 at 3 (listing the cases within this district finding such conduct was "simply finding a collection lawsuit"). Taking Ferrell's allegations as stated, she alleges Midland knew she did not owe this debt, knew it did not own the debt, and nevertheless initiated a collection lawsuit against her after the expiration of the statute of limitations and without any evidence (and with the intention not to obtain any evidence), hoping to get her to pay the debt or to obtain a default judgment. (*See generally* doc. 1). Such allegations are sufficient to state a FDCPA claim under § 1692d.

Midland also argues the complaint does not sufficiently allege factual allegations as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2008), but instead relies on conclusory allegations. (*See* doc. 14 at 2-5). Specifically, Midland argues the court cannot accept Ferrell's allegations that Midland knew it did not own the debt and that Ferrell did not owe the alleged debt. (Doc. 14 at 2-3). The court is unpersuaded by this argument. As Judge Acker explained in *Dial*, "[t]hese allegations are not conclusory; they are as specific as can be expected of a plaintiff who, without benefit of discovery, pleads the defendant's mental state." Case No. 2:14-cv-00663-WMA, doc. 30 at 4. There is no further burden at this stage. Midland also argues Ferrell did not allege sufficient facts to show that the state court action was time-barred because she did not allege when the claim accrued for the applicable statute of limitations. (Doc. 14 at 3-5). Ferrell is not required to prove the state court lawsuit was actually time-barred at this time and therefore her allegations

are sufficient.   Finally, although Midland is correct in noting Ferrell's positions – that she did not owe the debt and that the debt collection action was time barred – are inconsistent, since there is no right to collect a debt not owed, and thus such a right cannot be time-barred, there is no requirement to elect between these alternative theories at this point.  Accordingly, the motion to dismiss is **DENIED** as to Count I.

### B.  Counts VI and VII: 15 U.S.C. §§ 1692f and 1692f(1)

Section 1692f prohibits "[a] debt collector [from] us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.   Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  Relying on several district court cases, Midland argues to state a claim for violation of §1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violated other provisions of the FDCPA.  (Doc. 8 at 8-10 citing *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010); *Taylor v. Heath W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007); *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-cv-0425, 2012 WL 4336012, at *3 (S.D. Ala. Sept. 20, 2012)).  According to these courts, "[s]ection 1692f 'serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e,'" *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011) (quoting *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001)), so plaintiffs should not be permitted "to bootstrap a § 1692f claim onto a claim of an alleged §1692d [for other FDCPA] violation," *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-0425-WS-N, 2012 WL 4336012, *4 (S.D. Ala. Sept. 20, 2012).   Midland argues Counts

VI and VII should be dismissed because Ferrell simply relies on the same conduct she also alleges violates others sections of the FDCPA, specifically as the basis for her § 1692e claims. (Doc. 8 at 8).

The Eleventh Circuit has not adopted the position these district courts advance. Instead, as Ferrell points out, the Eleventh Circuit has recently implied to the contrary. In *Crawford v. LVNV Funding, LLC*, the Eleventh Circuit stated the alleged conduct in that case violated **both** § 1692f and § 1692e. 758 F.3d 1254, 1259 (11th Cir. 2014) ("Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f."). This statement, at minimum, implies the Eleventh Circuit believes the same conduct can simultaneously violate § 1692f and another FDCPA provision.

Midland argues this is not the court intended in *Crawford*. Midland contends this language is *dicta*, and that the following language from *Crawford* indicates a plaintiff cannot bring both claims simultaneously: "LVNV's filing of the proof of claim fell well within the ambit of a 'representation' **or** 'means' used in 'connection with the collection of any debt.'" *Id.* at 1261 (emphasis added). Specifically Midland argues, the proper inference from the court's general statement is that the conduct at issue there may be actionable under **either** § 1692e **or** §1692f; not, as Ferrell suggests, that a plaintiff may state a claim under § 1692f based only on the same conduct alleged as a violation of some other FDCPA provision. The undersigned fails to understand how the "or" between the words "representation" and "means" can transfer the disjunctive interpretation to prohibit simultaneous claims under § 1692e **or** § 1692f when the court clearly states "Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover

that debt violates §§ 1692e and 1692f." *Crawford*, 758 F.3d at 1259.  Accordingly, Midland's motion to dismiss is **DENIED** as to Counts VI and VII.

### C. Count VIII - Invasion of Privacy

Midland contends Ferrell's state law invasion of privacy claim, which is based on Midland filing the state court lawsuit and its false credit reporting, fails to state a claim, is barred by Alabama's litigation privilege, and is preempted by the Fair Credit Reporting Act ("FCRA"). (Doc. 8 at 11-19).

#### 1. Alabama's Litigation Privilege

Under Alabama law, pertinent statements made in a judicial proceeding are absolutely privileged and cannot give rise to liability, either civil or criminal. *O'Barr v. Feist*, 296 So. 2d 152 (Ala. 1974).  The privilege protects even "'slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and . . . libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution of defense of an action.'" *Id.* at 157 (quoting *Moore v. Mfr. Nat'l Bank*, 25 N.E. 1048, 1049 (N.Y. 1890)).  "'However, malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or stander.'" *Id.*  The privilege also applies to a claim for invasion of privacy.  *Drees v. Turner*, 45 So. 3d 350, 358 (Ala. Civ. App. 2010).

Ferrell argues the litigation privilege does not apply to bar her claim because it only applies to statements made during litigation, not to actions undertaken by parties in the course of litigation.  (Doc. 11 at 19-20 (citing *Matherly v. Wells Fargo Bank, N.A.*, Case No. 1:13-cv-852-WHA, 2014 WL 345397, *3 (M.D. Ala. Jan. 30, 2014)).  Relying on *Matherly*, Ferrell argues

that, while statements in the complaint may be privileged, the act of filing an improper lawsuit is not. (*Id.*). This argument is unpersuasive. Midland filing the lawsuit is only actionable because of the statements in the complaint, which, under *O'Barr*, are explicitly protected. 296 So. 2d at 157. To base an invasion of privacy claim on the conduct of filing an unlawful complaint (which is determined by looking at the statements therein), would effectively destroy the privilege. Ferrell's allegations concerning the state court lawsuit are protected by the litigation privilege and cannot support an invasion of privacy claim.

### 2. FCRA Preemption

Midland also argues Ferrell's claim, to the extent it is based on credit reporting, is preempted by the FCRA. (Doc. 8 at 16-19). There are two potentially applicable FCRA preemption provisions, 15 U.S.C. §§ 1681h(e) and 1681t(b)(1)(F). When dealing with a "furnisher of information" such as Midland, the two preemption provisions are difficult to reconcile. Section 1681(b)(1)(F) is an absolute bar to state causes of action, while § 1681h(e) only bars claims where the information was "furnished with malice or willful intent to injure such consumer." Ferrell has alleged Midland acted with the requisite malice. Therefore, the undersigned must determine which preemption applies.

Judicial attempts to apply these provisions have spawned a number of different approaches, even among judges of this Court. However, earlier this year, after reviewing the various approaches, the undersigned found a plaintiff's "state law claims based on [the defendant's] alleged failure, as a furnisher of information, to fulfill its duties under 15 U.S.C. § 1692s(a) and (b) (i.e., to accurately report his debts to the credit reporting agency . . . and to correct inaccurate information" were "preempted by the FCRA under 15 U.S.C. 1681t(b)(1)." *Williams v. Student Loan Guar. Found. Ark.*, No. 12-cv-2940, 2015 WL 241428, at *13 (N.D.

Ala. Jan. 20, 2015) (including order adopting Magistrate Judge's Report and Recommendation). The same rationale applies here. Section 1681t(b)(1)(F) applies and absolutely bars Ferrell's cause of action as it relates to Midland's alleged false credit reporting.

There being no factual basis for the invasion of privacy claim, the motion to dismiss Court VIII is **GRANTED**.

## IV. Conclusion

Based on the foregoing, Defendants' motion to dismiss, (doc. 8), is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss, (doc. 8), is **GRANTED** as to Count VIII for invasion of privacy and **DENIED** as to all other claims.

Having ruled on the motion to dismiss, the Clerk is **DIRECTED** to **TERM** Midland's motion to stay discovery, (doc. 23), as **MOOT**.

DONE this 22nd day of May 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE